UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>BIG G EXPRESS, INC.;<br>BIG G EXPRESS EMPLOYEE<br>STOCK OWNERSHIP PLAN;<br>STEPHEN THOMPSON; and<br>DAVID A. NOLAN,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    No.:   4:17-CV-73-TAV-SKL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are three motions to dismiss filed by various defendants and all advancing the same arguments [Docs. 13, 15, 18, 19, 20, 25, 26]. Plaintiff has responded in opposition [Docs. 32, 33, 36], and defendants have replied [Docs. 37, 38, 39].

This ERISA case presents what appears to be a question of first impression in this circuit: whether the six-year statute of repose for claims of breach of fiduciary duty, contained in ERISA Section 413(1), 29 U.S.C. § 1113(1), is capable of being waived by express agreement of a defendant. The answer, based on the very clear weight of precedent, is yes, the statute of repose in § 1113(1) is subject to express waiver. Accordingly, defendants' motions to dismiss arguing otherwise will be denied.

Not many facts are relevant to these motions. On November 29, 2017, Plaintiff R. Alexander Acosta, Secretary of Labor, filed a complaint on behalf of the United States Department of Labor alleging breaches of various provisions of ERISA, in conjunction with an employee-stock-ownership-plan transaction, which occurred on October 29, 2009 [Doc. 1]. Normal application of the six-year statute of repose would dictate that a complaint be filed by October 28, 2015, some two years before the one in this case was, in fact, filed.

Prior to filing suit, the Secretary conducted an investigation of defendants' conduct concerning the establishment of the Big G Express Employee Stock Ownership Plan. During that investigation, all defendants entered into various agreements in which they explicitly waived their rights to challenge the timeliness of the suit. This waiver included any challenge based on 29 U.S.C. § 1113(1), which states that breach-of-fiduciary-duty claims must be brought within six years of the breach [Doc. 32-1 at 2]. The question, then, is straightforward: is that waiver valid?

Statutes of repose vest a substantive right to be free from liability. *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) ("Statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." (internal quotation omitted)). And rights—even constitutional ones—can generally be waived (if done knowingly and voluntary, matters not at issue here). *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) (Litigants "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."). When it comes

2

to statutory rights, like the statute of repose at issue here, the general rule is that, "absent some affirmative indication of Congress' intent to preclude waiver . . . statutory provisions are subject to waiver by voluntary agreement of the parties." *Id.* at 201. Defendant, however, has set forth two reasons why the right at issue here is nonwaivable: first, that the statute of repose is jurisdictional and thus categorically not subject to waiver; and second that, if it is not jurisdictional, it is otherwise nonwaivable by virtue of its being a statute of repose rather than a statute of limitations.[1] Neither argument is persuasive.

***First, the statute of repose is not jurisdictional***. A time bar, like the one at issue here, is "ordinarily not jurisdictional," and is to be treated that way "only if Congress has 'clearly stated' that it is." *Musacchio v. United States*, 136 S. Ct. 709, 717 (2016) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.,* 568 U.S. 145, 154 (2013)). Whether Congress has made such a clear statement is based on the "statutory text, context, and history." *Id.*

Here, all three considerations compel the conclusion that this statute of repose is not jurisdictional. The statute provides as follows:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> **(1)** six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the

---

[1] Defendants' motions are technically brought under Federal Rule of Civil Procedure 12(b)(1) and (b)(6): the first argument goes to the former, and the second argument to the latter. Because there do not, at this time, appear to be any facts in dispute, but rather only pure questions of law regarding the jurisdictional consequences and waiver of § 1113, no deference is owed to the nonmovant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009).

3

> latest date on which the fiduciary could have cured the breach or violation, or
>
> . . . .
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Most importantly, noticeably absent from the text of § 1113 is any mention of subject-matter jurisdiction or the federal judicial power. Although the statute "uses mandatory language," the same was true in *Musacchio*, where the Supreme Court held that because the statute there "d[id] not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms," the text did not "provide a 'clear indication that Congress wanted that provision to be treated as having jurisdictional attributes.'" 136 S. Ct. at 717. The use of mandatory language alone therefore does not make § 1113 jurisdictional. Moreover, § 1113 contains an exception "in the case of fraud or concealment." Jurisdictional provisions usually do not contain exceptions. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 165 (2010) ("It would be at least unusual to ascribe jurisdictional significance to a condition subject to these sorts of exceptions."). And that makes sense: because subject-matter jurisdiction deals with the adjudicatory power of a court, is not something that readily admits to exception. It typically either exists, or it does not. In these ways the text of § 1113 shows why the statute of repose should be treated as nonjurisdictional.

The statutory structure and context of § 1113 leads to a similar conclusion. ERISA has jurisdictional provisions, but they are housed in a completely different part of the statute: Part 5, subtitled "Administration and Enforcement," found at 29 U.S.C. § 1131 et. seq. The statute of repose, by contrast, is in Part 4, subtitled "Fiduciary Responsibility," which deals with the substantive law applicable to such matters. 29 U.S.C. § 1101 et. seq. Ascribing jurisdictional consequences to § 1131—contrary to its plain text—would therefore also do violence to a clear structural divide that Congress built into the statute.

Finally, there is history. Little need be said here: the statute of repose was enacted in 1974 as part of initial iteration of ERISA. *See* Pub. L. 93-406, 88 Stat. 829. In the nearly half-century since, hardly any court has treated the provision as jurisdictional (save for one relatively recent, unpublished district court decision, which will be addressed later). Historical practice thus supports what the text and structure already make clear: § 1113 is not jurisdictional.

Defendant has not cited any case concluding that statutes of repose generally are jurisdictional, let alone that the one contained in § 1131 is. The Tenth Circuit came close to doing the former in *Nat'l Credit Union Admin. Bd. v. Barclays Capital Inc.*, 785 F.3d 387 (10th Cir. 2015):

> Giving effect to that statement here would mean construing the Extender Statute to be at least amenable to tolling, waiver, and estoppel arguments (that is, as a statute of limitations), as opposed to construing it jurisdictionally to bar untimely suits without regard to the specific factual circumstances (that is, as a statute of repose).

*Id.* at 394. But because the court there held that the statue at issue was one of limitation rather than repose, the statement by the court about statutes of repose is dictum and thus of no precedential value. *See* Black's Law Dictionary (10th ed. 2014) (defining "obiter dictum" as, "A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive))." And the Tenth Circuit's approach is not persuasive for the reasons explained above.

All told, plaintiff has met his burden of demonstrating that subject-matter jurisdiction exists here. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.")

***Second, the statue of repose is not otherwise nonwaivable***. Statutes of repose are not, as defendants argue, categorically nonwaivable.[2] The Sixth Circuit said as much in *Montgomery v. Wyeth*, 580 F.3d 455 (6th Cir. 2009), where it held that "Defendants had not waived their statute of repose defense." *Id.* at 468. That statement (and the court's analysis) implies that a statute-of-repose defense can, under the right circumstances, be waived; otherwise, the court presumably would have summarily rejected the argument as

---

[2] The parties agree that § 1113 is a statute of repose rather than a statute of limitations. The Sixth Circuit has described the difference like this: "A statute of repose puts an outer limit on the right to bring a civil action which is measured not from the date on which the claim accrues," as is the case with a statute of limitations, "but instead from the date of the last culpable act or omission of the defendant." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F. 3d. 780, 786 (6th Cir. 2016) (internal citations omitted).

6

noncognizable. Other courts have similarly held that statutes of repose are subject to express waiver.³

Most of the cases defendants cite to the contrary are inapposite because they deal with equitable tolling, which is entirely different from express waiver. Equitable tolling is a judge-made doctrine, which Black's Law Dictionary describes as, "The doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired, in which case the statute is suspended or tolled until the plaintiff discovers the injury." Black's Law Dictionary (10th ed. 2014). The Supreme Court recently explained that "the object of a statute of repose, to grant complete peace to defendants, supersedes the application of a tolling rule based in equity." *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.,* 137 S. Ct. 2042 (2017). But this says nothing about express waiver. Unlike waiver, which is defendant-focused, equitable tolling is concerned primarily with the actions of the plaintiff: her diligence and the like. But just because courts cannot, in equity, take away a defendant's right of repose (that is, to be free from suit), based on no fault or even action by that

---

³ *See, e.g.*, *ESI Montgomery Cty., Inc. v. Montenay Int'l Corp.*, 899 F. Supp. 1061, 1066 (S.D.N.Y. 1995) (parties may expressly waive a period of repose in a federal securities law); *see also F.D.I.C. v. Jones*, 2014 WL 4699511, *5 (D. Nev. Sept. 19, 2014) ("Even assuming that FIRREA's three-year limitations period is one of repose, defendants have not established conclusively that the parties could not expressly waive or extend that repose period."); *In re Bldg. Materials Corp. of Am. Asphalt Roofing*, 2013 WL 169289, *3–*4 (D.S.C. Jan. 16, 2013) (holding that a statute of repose extended "based upon evidence of a waiver contained in an extended warranty or contract"); *In re: Lehman Bros. Sec. and ERISA Litig.*, 2012 WL 6584524 (S.D.N.Y. Dec. 18, 2012) (defendants waived statute of repose in tolling agreement); *Lewis v. Taylor*, 375 P.3d 1205, 1209, 1211–12 (Colo. 2016) (finding Colorado statute of repose subject to express waiver).

defendant, does not mean that a defendant cannot voluntarily give it up (presumably in exchange for something else). Defendants' reliance on these cases is therefore unavailing.

One Supreme Court case, *Mid State Horticultural Co. v. Penn. R.R. Co.*, 320 U.S. 356 (1943), does hold a statute of repose to be nonwaivable. There, the Supreme Court held invalid an express waiver of the Interstate Commerce Act's three-year statute of repose, explaining that it was contrary to the statutory purpose, *id.* at 357, which was to promote "the general public interest in adequate, nondiscriminatory transportation at reasonable rates," *id.* at 361. However, the Eleventh Circuit, addressing the same statute-of-repose issue before this Court, explained why the statutory purpose of ERISA weighs in the opposite direction:

> *Mid State* didn't purport to impose a blanket rule prohibiting express waivers of statutes of repose. To the contrary, the Court's holding there was by its own description bound up in the specifics of the Interstate Commerce Act and the policies that the Court found underlay it. Here, the same considerations cut the other way. It's true, of course, that limitation-of-actions provisions are generally intended to promote the timely filing of claims. But the defendants' position would frustrate, rather than advance, ERISA's overarching purpose—which the statute's text itself says is to "protect ... the interests of participants in employee benefit plans and their beneficiaries ... by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, *and by providing for appropriate remedies, sanctions, and ready access to the Federal courts*." 29 U.S.C. § 1001(b) (emphasis added). We just can't see how refusing to enforce a contractual waiver that all agree was executed knowingly, willingly, and voluntarily—and on that basis dismissing an enforcement action that seeks to recover plan participants' lost retirement savings—could be deemed necessary to the fulfillment of ERISA's stated purpose. Quite the contrary, it seems to us.

*Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 885 (11th Cir. 2017), *cert. denied* 138 S. Ct. 2680 (2018), *cert. denied* 138 S. Ct. 2680 (2018).  The Court finds the Eleventh's Circuit's analysis persuasive.

And speaking of the Eleventh Circuit, which appears to be the only federal appellate court to have addressed the jurisdictional consequences and writability of § 1113, it also agrees with each of the other conclusions above.  *Preston*, 873 F.3d at 878.  True, one unpublished district court decision is to the contrary.  *Harris v. Bruister*, Civ. A. No. 4:10cv77-DPJ-FKB, 2013 WL 6805155 (S.D. Miss. Dec. 20, 2013).  But *Harris* suffers from several flaws, one of which is its extensive reliance on equitable-tolling cases which, as explained above, are inapposite here.  For that and other reasons already explained, the Eleventh Circuit took the correct approach.  And to briefly address another one of defendants' arguments: the Eleventh Circuit's opinion is not more persuasive merely because it comes from an appellate court, but rather it is more persuasive because it is right in its legal analysis and conclusion.

For these reasons, defendants' motions to dismiss [Docs. 13, 15, 20, 25] are **DENIED**.  The stay of this action is therefore **LIFTED** in accordance with this Court's prior order [Doc. 45].  A new scheduling order will follow in due course.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE